PHILLIPS v. EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES.

(Supreme Court, Special Term, New York County. December 6, 1893.)

1. OPENING DEFAULT—SUFFICIENCY OF MOVING PAPERS.
    A motion to open a default for failure to serve a complaint will not be granted, where the moving papers do not disclose a cause of action against defendant.

2. APPEAL—NOTICE—MOTION TO COMPEL ACCEPTANCE.
    Where plaintiff is in default for failure to serve a complaint, he cannot compel defendant to accept notice of appeal from an order denying a motion for discovery.

Action by Lewis J. Phillips against the Equitable Life Assurance Society of the United States, alleging that defendant's directors had been dealing with the corporate property for their own benefit, and demanding an account, but the directors were not made defendants. Plaintiff now moves to open a default for failure to serve the complaint, and to compel defendant to accept service of a notice of appeal from an order denying his motion for a discovery; but he does not produce a copy of the complaint, or state that he was able to draw one after the default.

Joseph B. Reily, for plaintiff.
Allan McCulloh, for defendant.

INGRAHAM, J. I think the motion made by the plaintiff should not be granted, because no cause of action in favor of this plaintiff against this defendant is disclosed in the motion papers. The plaintiff is a stockholder in the defendant corporation, and it would appear that the object of the action is to compel the defendant, the corporation, to disclose certain alleged irregularities by which it is claimed the trustees have robbed the corporation. The trustees are not parties defendant, and, if the plaintiff does establish these facts, he would have no remedy against the corporation which has been robbed. It seems to me to be useless to prolong such a litigation. The plaintiff does not allege that he·is in a position to serve a complaint, and does not deny that the time has expired in which he was bound to serve a complaint in this action. He seeks, however, to compel the defendant to accept a notice of appeal from an order denying his motion for a discovery when he was in default in the service of the complaint, and when the defendant was entitled to an order dismissing the action. The defendant also moves to dismiss the action for failure to serve the complaint, and that motion, I think, should be granted, with $10 to defendant.